UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

| | |
|---|---|
| **JULISA ECHEVARRIA** | Civil Action No. |
| | 15-Civ.-7928 |
| **PLAINTIFF,** | |
| v. | |
| | **COMPLAINT** |
| **BEAU DIETL & ASSOCIATES, INC.,** | |
| **BEAU SECURITY & INVESTIGATIONS INC., and,** | |
| **RICHARD 'BO' DIETL, individually,** | Plaintiff Demands |
| | a Trial by Jury |
| **DEFENDANTS.** | |

-------------------------------------------------------------------------x

Plaintiff JULISA ECHEVARRIA "Ms. Echevarria" or "Plaintiff"), by her attorneys, LEVINE & BLIT, PLLC, complaining of Defendant BEAU DIETL & ASSOCIATES, INC., BEAU SECURITY & INVESTIGATIONS INC., (the two companies collectively known as "Company"), and RICHARD 'BO' DIETL, individually ("Mr. Dietl" or "Defendant") (all collectively "Defendants"), respectfully alleges upon information and belief:

### NATURE OF THE ACTION

1.      This action is brought to remedy unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law").

2.      Defendants' actions were unlawful and Plaintiff seeks injunctive and declaratory relief, monetary, compensatory and punitive damages, liquidated damages, interest, attorneys' fees, and other appropriate legal and equitable relief pursuant to the FLSA and Labor Law, and such other further relief as this Court deems necessary and proper.

### JURISDICTION AND VENUE

3.      Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

[1]

4.     Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. §1367.

5.     Venue of this action in the Southern District of New York under 28 U.S.C. §1391 is appropriate as Defendants have their principle place of business within the district, and as the Southern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

6.     Plaintiff is an individual who resides in Ocean County, New Jersey.

7.     Upon information and belief, defendant Mr. Dietl is a New York resident, and is the owner and Chief Executive Officer of the Company.

8.     The Company is composed of two domestic business corporations with a principle place of business at 1 Penn Plaza, 50th Floor, New York, NY 10119.  Upon information and belief, BEAU DIETL & ASSOCIATES, INC., and BEAU SECURITY & INVESTIGATIONS INC., served as joint employers of plaintiff.

9.     At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the Labor Law§§ 190(3) and 651(6) and FLSA § 203(d).

10.    Upon information and belief, at all times relevant to this action, Defendant Company has been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C § 207(a) insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.

11.    At all time relevant to this action, defendant Mr. Dietl served as Owner and Chief Executive Officer of the Company and, as such, held a supervisory position over the plaintiff and

was in a position of authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment, including plaintiff's compensation, with the Company.

12. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the Labor Law and FLSA, and entitled to protection. At all times relevant to this action, Plaintiff performed services as employee for Defendant in New York County, New York.

13. At all times relevant to this action, Plaintiff had the skills, experience and qualifications necessary to work in his employment position for the Defendants.

## FACTUAL ALLEGATIONS

14. Plaintiff began her employment tenure with Defendants in or about January, 2014.

15. Plaintiff worked continuously for defendants up until her separation from employment in July, 2015.

16. Plaintiff was hired by Mr. Dietl, who also set plaintiff's rates of pay and job duties from the beginning of plaintiff's employment tenure with defendants, to the end.

17. Mr. Dietl supervised plaintiff throughout plaintiff's employment tenure, as well.

18. When plaintiff was first hired by defendants, plaintiff was intentionally misclassified by defendants as an exempt salaried employee, and remained that way throughout her tenure.

19. Throughout the entirety of plaintiff's employment tenure with defendants, plaintiff worked as Mr. Dietl's assistant. Plaintiff's job duties were to answer phones, schedule appointments, and send emails on behalf of Mr. Dietl.

**Facts Related to Plaintiff's Unpaid Overtime Wages**

20. Plaintiff's pay rate with Defendants was a salary of $55,000 per year.

21. However, though defendants claimed to pay plaintiff a salary, if plaintiff arrived late to work, defendants would dock, or reduce, plaintiff's wages for the minutes plaintiff arrived late.

22. From the beginning of her employment to the end, plaintiff began working each morning approximately no later than 7:30 a.m. or 8 a.m., and worked until no earlier than 6 p.m., five days per week (Monday through Friday), oftentimes not taking a lunch break.

23. For just about each and every workweek during plaintiff's employment tenure, therefore, plaintiff worked well in excess of forty (40) hours per workweek.

24. For example, for week ending July 10, 2015, plaintiff worked from approximately 7:30 a.m. to approximately 6 p.m. each and every day with no lunch break, totaling approximately 52.5 hours worked in that particular workweek.

25. During plaintiff's entire employment tenure, defendants paid plaintiff zero overtime wages, solely paying plaintiff her flat weekly salary, despite the amount of hours she worked and despite the fact that she was non-exempt pursuant to overtime law.

26. Defendants intentionally refused to pay plaintiff overtime wages during plaintiff's entire employment tenure.

27. Accordingly, due to defendants' unlawful actions, plaintiff is owed by defendants 1.5 times her regular rate of pay for every hour worked over forty in a workweek, from the beginning of her employment tenure with defendants to its end, plus all statutory damages associated with these unpaid overtime wages.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages Under the FLSA)

28. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

30. During the entirety of plaintiff's employment tenure with defendants, plaintiff regularly worked over forty (40) hours per week for defendants, just about each and every work week, as a non-exempt employee pursuant to the FLSA.

31. Defendants failed to pay Plaintiff overtime wages of 1.5 times her regular rate of pay for all hours worked in excess of forty in a workweek in violation of 29 U.S.C. § 207(a).

32. Defendants failure to pay overtime premiums was willful.

33. As a result of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages Under the Labor Law)

34. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of Labor Law §§ 2 and 651.

36. During the entirety of plaintiff's employment tenure, plaintiff worked over forty (40) hours per week for defendants, just about each and every week, as a non-exempt employee pursuant to the Labor Law.

37. Defendants failed to pay Plaintiff overtime wages of 1.5 times her regular rate of pay for

all hours worked in excess of forty in a workweek, in violation of the Labor Law.

38. Defendants failure to pay overtime premiums was willful.

39. As a result of Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to Labor Law.

## JURY DEMAND

Plaintiff respectfully requests a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an award:

(a) Declaring the acts and practices complained of herein are in violation of the FLSA and New York Labor Law;

(b) Directing Defendants to pay Plaintiff her actual damages in an amount to be determined at trial for lost overtime wages and other remuneration, liquidated damages and interest, as provided by the FLSA and New York Labor Law;

(c) Awarding Plaintiff punitive damages;

(d) Awarding Plaintiff reasonable attorneys' fees, together with the costs and disbursements of this action; and

(e) Such other and further relief as this Court deems just and equitable.

Dated: New York, New York
October 7, 2015

        Respectfully Submitted,

        LEVINE & BLIT, P.L.L.C.

_____

By: RUSSELL MORIARTY, ESQ. (RM 0224)

*Attorneys for Plaintiff*
Empire State Building
350 Fifth Avenue, Suite 3601
New York, NY 10118
Phone: (212) 967-3000
Fax:    (212) 967-3010